UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IVANNOE MORINGLANE,

Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. ED CV 13-696-CJC (PJW)

FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Final Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the decision of the Administrative Law Judge ("ALJ") be affirmed and the case be dismissed with prejudice.[1]

---

[1] The Court has issued this Final Report and Recommendation to address Plaintiff's Objections to the initial Report. The Objections were submitted by his wife, Mayleen Moringlane, who alleges that Plaintiff cannot read or write. Under the circumstances, the Court has ordered the Objections to be filed and has considered them.

I.

STATEMENT OF FACTS AND PROCEEDINGS

In April 2010, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, claiming that he had been unable to work since December 23, 2008, due to nerve damage, arthritis, and pain (back, neck, shoulder, and foot). (Administrative Record ("AR") 67-70, 77, 198, 246-52.) Plaintiff later reported that his condition had grown worse and that he was "dropping everything" and suffering pain all over. (AR 98, 102.) The Agency denied his applications initially and on reconsideration and he requested and was granted a hearing before an ALJ. (AR 20-22, 25-37.) In February 2012, he appeared with counsel and testified at the hearing. (AR 262-91.) In March 2012, the ALJ issued a decision denying benefits. (AR 11-18.) Plaintiff appealed to the Appeals Council, which denied review. (AR 4-5b.) He then filed this action pro se.

II.

ANALYSIS

Plaintiff contends generally that the ALJ erred in his analysis of the medical evidence. For the following reasons, the Court disagrees.

The Court may overturn an ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence" is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). This Court

must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. *Id*.

The ALJ found that, despite Plaintiff's severe impairments, i.e., chronic low back pain, lumbar degenerative joint disease, mild degenerative disc disease of the thoracic spine, disc protusion at L4-5, and chronic myofascial neck and back pain, he could still lift and carry up to 20 pounds occasionally and ten pounds frequently and could stand and walk for up to four hours in an eight-hour workday. (AR 14.) Plaintiff contends that this was error because he can no longer grip things, lifting weight causes pain throughout his shoulder and lower back, and his feet grow numb if he stands too long. (Plaintiff's Brief at 1-2.) Although there is evidence showing that Plaintiff complained of weakness in his hands and was observed walking with a slow and unsteady gait (AR 147, 173), the ALJ was entitled to reject that evidence and rely, instead, on the opinions of the examining doctors who found that Plaintiff could lift and carry at least 20 pounds occasionally and ten pounds frequently and could stand or walk for up to six hours in an eight-hour day. (AR 158, 201.) *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (holding independent clinical findings of examining doctor constitute substantial evidence).[2]

Plaintiff also objects to the ALJ's finding that the fact that he was alert and attentive at the administrative hearing undermined his

---

[2] Plaintiff contends that his Type II diabetes, which the ALJ found was a severe impairment (AR 14), is causing his health to deteriorate. He claims that his vision is blurry, he is on strong medication that makes him fall asleep, and he is depressed. (Objections at 1-2.) Plaintiff has not shown, however, that the ALJ was wrong to rely on the examining doctors' opinions, which are to the contrary.

claim that he could not pay attention for more than five minutes. (AR 15.) Plaintiff explains that the only reason he was alert was because he had not taken his "heavy" medication that day and, even so, he still had trouble following the proceedings. (Plaintiff's Brief at 2.) To the extent that Plaintiff is challenging the ALJ's finding that he was not credible, that claim is rejected. The ALJ gave numerous reasons, in addition to Plaintiff's demeanor at the hearing, for questioning his credibility. (AR 15.) Most significantly, the ALJ pointed to the uncontroverted findings of the consultative psychologist who had tested Plaintiff and determined that he was malingering and had no mental disorder of any kind. (AR 171.) As such, the ALJ's credibility determination is affirmed.

Plaintiff argues that the ALJ failed to consider evidence that he had been receiving treatment, including epidurals, at the Globin Pain Clinic since 2013. (Plaintiff's Brief at 1.) The ALJ could not have considered this evidence, however, because he issued his decision in March 2012, before Plaintiff went to the clinic. Further, Plaintiff did not submit this evidence to the Appeals Council, even after it granted him more time to do so. (AR 3a, 5b, 6.) Because it is clear from the ALJ's decision that he considered all available relevant medical evidence and because his findings are supported by substantial evidence in the record, the ALJ's decision will be affirmed.[3]

---

[3] Plaintiff has attached to his Objections an April 12, 2016 hand-written note on a prescription pad sheet from Dr. Sunil Abraham, in which the doctor reports that he has been seeing Plaintiff since August 21, 2015 for chronic pain and that Plaintiff is taking narcotic pain medications to relieve that pain. This new evidence does not, however, undermine the ALJ's opinion that Plaintiff was not disabled as of March 8, 2012, or the Appeals Council's March 2013 order effectively affirming that decision.

III.

RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Final Report and Recommendation, (2) affirming the ALJ's decision denying benefits, and (3) dismissing the action with prejudice.

DATED: April 27, 2016

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\MORINGLANE, 696\Final R&R.wpd